# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHY SASSCER, | : | No. 3:10cv464 |
|       **Plaintiff** | : | |
| | : | (Judge Munley) |
|     v. | : | |
| JAMES D. DONNELLY, and | : | |
| DOES 1-10, inclusive, | : | |
|       **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Defendant James D. Donnelly's motion to dismiss. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of a dealings over a debt owed by plaintiff. Plaintiff alleges that Defendants violated her rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and related state laws. According to plaintiff's complaint, she is an adult who resides in Hawley, Pennsylvania. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 4). Defendant James D. Donnelly, a New Jersey lawyer, operates a collection agency and serves as a debt collector under federal law. (Id. at ¶ 6).

Plaintiff avers that she incurred a financial obligation of approximately $12,000 to Skylands Community Bank. (Id. at ¶ 8). The debt arose from services provided to plaintiff for family, personal or household purposes. (Id. at ¶ 9). Plaintiff secured this debt with a motor vehicle. (Id. at ¶ 12). Eventually, the bank either sold, assigned,

or transferred the debt to Defendant Donnelly for collection. (Id. at ¶ 10). Donnelly communicated with plaintiff in an attempt to collect this debt. (Id. at ¶ 11).

Defendants allegedly engaged in behavior that the plaintiff found abusive or harassing. The automobile plaintiff used to secure the loan was eventually repossessed, either by the bank or the defendants in the case. (Id. at ¶ 13). Defendants refused plaintiff's request that they provide a receipt showing the amount obtained from the sale of the vehicle. (Id. at ¶ 14). Defendants told plaintiff she would have to pay the legal fees defendants incurred in attempting to collect the debt. (Id. at ¶ 15). They threatened to repossess plaintiff's property, place liens on her home, ruin her credit rating and "drag [plaintiff] into court and embarrass [her]." (Id. at ¶¶ 16-19). Defendants also telephoned plaintiff twice a day. (Id. at ¶ 20).

Defendants allegedly also caused plaintiff actual damages. (Id. at ¶ 21). Plaintiff claims she suffered humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment from defendants' conduct. (Id. at ¶ 22). This conduct, plaintiff contends, was so extreme and outrageous as to be atrocious and utterly intolerable in a civilized community. (Id. at ¶ 23).

Plaintiff's complaint, filed March 2, 2010, raises four causes of action. Count I alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§ 1692. Count II alleges violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270, through the defendants' violations of the federal statute. Count III raises a state-law claim for invasion of privacy by intrusion upon

seclusion. Count IV claims violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1.

Plaintiff then served the complaint on Defendant Donnelly. Donnelly responded by filing the instant motion to dismiss. (Doc. 3). The parties then briefed the issues, bringing the case to its present posture.

**Jurisdiction**

Plaintiff brings this claim pursuant to the FDCPA, 15 U.S.C. § 1692, et seq. This court therefore has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**Legal Standard**

Defendant seeks dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). When a defendant files a motion pursuant to Rule 12(b)(6), all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper

3

Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curium)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a standard which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the speculative level.'" McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id.

**Discussion**

4

Defendant Donnelly urges dismissal on two grounds. The court will address each in turn.

**I. Allegations**

Defendant Donnelly first argues that plaintiff's allegations "lack a factual basis." Defendant attaches copies of correspondence between himself and plaintiff as well as the loan agreement between the parties. He argues that none of the claims in plaintiff's complaint can be supported by this evidence.

At this stage of the litigation, defendant's proffered evidence is immaterial to the question before the court. Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Under that rule, plaintiff's complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S. Ct. at 1949. Plaintiff's complaint, as defendant acknowledges, alleges that she was a debtor, that defendant was employed to collect that debt, and that he made communications to her. Moreover, as related above, the complaint alleges that defendant used improper methods to collect that debt. (See Complt. at §§ 25-33) (alleging, among other acts, that defendant use "profane and abusive language"; repeatedly telephoned plaintiff intending to harass her; misrepresented the status of the debt; threatened seizure of property; threatened legal action; threatened to communicate false credit information; used deceptive means to collect the debt; and tried to collect more than the amount owed). If plaintiff can prove the alleged acts, she can prevail on her

5

claim under the FDCPA. Defendant's arguments and evidence are more suited for a motion for summary judgment, and the court will not decide the case on those grounds now. The court will therefore deny the motion on these grounds.

**II. Venue and Jurisdiction**

Defendant next argues that the court should dismiss the case for lack of jurisdiction. The defendant insists that the plaintiff's sole federal claim should be dismissed, and that without this single federal claim, there is no reason for the court to hear plaintiff's state-law causes of action. Since the court has determined that plaintiff has stated a claim under federal law, exercising supplementary jurisdiction over state-law claims is appropriate. The court will deny the motion on these grounds. See 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

Defendant also argues that the court should decline to exercise jurisdiction over the case because this forum is not the proper venue. Defendant insists that venue is improper because he does not reside in the district and is not permitted to practice law in Pennsylvania. Moreover, the business transaction that led to the instant action took place in New Jersey, not Pennsylvania, as did the defendant's

attempt to collect on the debt owed.[1]

The court will deny the defendant's motion on these grounds as well. Federal law provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b). Here, plaintiff resides in this judicial district. She complains of acts that occurred in this district; she received phone calls from the defendant at her home, as well as letters and perhaps other forms of communication. As such, "a substantial part of the events or omissions giving rise" to this action occurred in this district. This court is an appropriate venue for the claim.

**Conclusion**

For the reasons stated above, the court will deny the defendant's motion. An appropriate order follows.

---

[1] Defendant argues that he "sent letters from New Jersey to the Plaintiff" and sued plaintiff in New Jersey court to recover the debt. Presumably the plaintiff, who resides in Pennsylvania, received those demand letters in this district.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHY SASSCER, | : | No. 3:10cv464 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| JAMES D. DONNELLY, and | : | |
| DOES 1-10, inclusive, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 27th day of May 2010, Defendant James D. Donnelly's motion to dismiss (Doc. 3) is hereby **DENIED**.

                                            **BY THE COURT:**

                                            **s/ James M. Munley**
                                            **JUDGE JAMES M. MUNLEY**
                                            **UNITED STATES DISTRICT COURT**