IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CATHY SASSCER,
         Plaintiff    :    No. 3:10cv464
                                :
                                :    (Judge Munley)
         v.                      :
                                :
JAMES D. DONNELLY and DOES  :
1-10, inclusive,
         Defendants    :

## MEMORANDUM

Before the court is Plaintiff Cathy Sasscer's motion for entry of judgment (Doc. 25). Having been fully briefed, the matter is ripe for disposition.

**Background**

We will recite the relevant facts as they relate to plaintiff's instant motion. This case arises out of dealings over a debt owed by plaintiff. Plaintiff alleges that defendants violated her rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and related state laws. Plaintiff, a resident of Hawley, Pennsylvania, incurred a financial obligation to Skylands Community Bank in August 2007. (Plaintiff's Statement of Undisputed Material Facts (Doc. 19) (hereinafter "Plaintiff's Statement") ¶¶ 1, 4-5). Plaintiff contends she incurred this debt when she purchased an automobile from Trade Zone Auto Sales in Hackettstown, New Jersey. (Id. ¶ 5). She financed her purchase through a promissory note executed with the bank. (Id. ¶ 6). Plaintiff subsequently went into arrears on her payments to the bank and the creditor repossessed the automobile and sold it at auction. (Id. ¶¶ 7-8). Defendant James D. Donnelly, a debt collector as defined by 15 U.S.C. § 1692a(6), thereafter contracted with the creditor to collect the debt. (Id. ¶ 9; Defendant's Counterstatement of Material Facts (Doc. 21) (hereinafter

"Defendant's Statement") ¶ 9).

Plaintiff and Defendant Donnelly exchanged a number of letters related to plaintiff's debt. The parties dispute a majority of the contents of the letters and the information contained there in. On December 11, 2009, defendant filed a lawsuit on behalf of Skylands Bank in the Gloucester County, New Jersey Superior Court. (Id. ¶ 19). Plaintiff lived in Hawley, Pennsylvania at the time. (Id. ¶ 20). Plaintiff signed the promissory note that formed the basis of the lawsuit in Warren County, New Jersey. (Id. ¶ 21). The promissory note contained a clause allowing the bank to institute suit in Warren County, New Jersey. (Id. ¶ 22). On January 14, 2010, plaintiff moved the Gloucester County court to transfer the case to Warren County, New Jersey. (Id. ¶ 23). Upon the parties' agreement, the Gloucester County court transferred the case to Warren County, New Jersey. (Id. ¶ 25). The Gloucester County courthouse is one hundred fifty miles from plaintiff's home. (Id. ¶ 24). The Warren County courthouse is approximately fifty miles from plaintiff's home. (Id.)

Plaintiff's complaint, filed March 2, 2010, raises four causes of action. Count I alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§ 1692. Count II alleges violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 PA. CONN. STAT. ANN. § 2270.4(a), through the defendants' violations of the federal statute. Count III raises a state-law claim for invasion of privacy by intrusion upon seclusion. Count IV claims violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PA. CONN. STAT. ANN. § 201-1, *et seq*.

Plaintiff then served the complaint on Defendant Donnelly. Donnelly

filed a motion to dismiss (Doc. 3), which the court denied. (Doc. 6). The parties then agreed to plaintiff's filing an amended complaint, which stated the same causes of action. The parties engaged in discovery. At the close of discovery, plaintiff filed a motion for summary judgment.

On April 20, 2011, the court granted in part and denied in part plaintiff's motion for summary judgment. (Doc. 23). We found that defendant violated the 15 U.S.C. § 1692i, ("Section 1692i"), of FDCPA and granted summary judgment in favor of plaintiff regarding that claim and related state-law claims. We denied summary judgment as to the violation of 15 U.S.C. § 1692g of the FDCPA and the state-law claims that related to that section.

In a motion filed August 16, 2011, plaintiff seeks entry of judgment based upon Section 1692i and the state-law claims. (Doc. 25). Plaintiff withdraws all of the other counts in the amended complaint. Defendant Donnelly filed a brief in opposition to the motion. (Doc. 28). The parties briefed the issues, bringing the case to its present posture.

**Jurisdiction**

Plaintiff brings this claim pursuant to the FDCPA, 15 U.S.C. § 1692, *et seq*. This court therefore has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution.").

**Discussion**

Plaintiff requests that the court enter final judgment in her favor. She seeks statutory damages and indicates that she will move pursuant to Federal Rule of Civil Procedure 54(d)(2) for attorney's fees and costs following the entry of judgment. The court will address each of these matters in turn.

**A.  Plaintiff's Motion for Entry of Judgment**

Federal Rule of Civil Procedure 58 states in pertinent part, "A party may request that judgment be set out in a separate document as required by Rule 58(a)." FED. R. CIV. P. 58(d). Plaintiff argues that because this court granted summary judgment in her favor and she withdrew her remaining claims, final judgment should be entered in her favor. Plaintiff requests judgment with regard to three statutes.

First, plaintiff seeks entry of judgment under the FDCPA. Plaintiff filed a motion for summary judgment with respect to Section 1692i under the FDCPA. The court granted the motion and found that defendant violated Section 1692i. Therefore, having already granted summary judgment on the claim, we will grant plaintiff's motion for entry of judgment for that statute.

Next, plaintiff requests final judgment as to Pennsylvania Fair Credit Extension Uniformity Act. 73 PA. CONN. STAT. ANN. § 2270.4(a). The court granted summary judgment on the state law claims that relate to the violation of the FDCPA, specifically the venue provision contained therein. Plaintiff argues that any violation of the FDCPA is a *per se* violation of the Pennsylvania Fair Credit Extension Uniformity Act. 73 PA. CONN. STAT.

ANN. § 2270.4(a).  The Fair Credit Extension Uniformity Act provides, "It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act (Public Law 95-109, 15 U.S.C. § 1692 *et seq.*)." 73 PA. CONN. STAT. ANN. § 2270.4(a).  Therefore, as defendant violated the FDCPA, we also find that defendant violated the Pennsylvania Fair Credit Extension Uniformity Act and will grant plaintiff's motion for entry of judgment in her favor under this statute.

Finally, plaintiff requests final judgment as to the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  73 PA. CONN. STAT. ANN. § 201-1, *et seq*.  Plaintiff argues that a violation under the FDCPA is a *per se* violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  We disagree.

Plaintiff cites to a single case in support of a *per se* violation of the Unfair Trade Practices.  That case is readily distinguishable from the present case.  Plaintiff cites to Stuart v. AR Res., Inc. where the court addressed a motion to dismiss.  No. 10-3520, 2011 WL 904167 (E.D. Pa., March 16, 2011).  The court found that a violation of the FDCPA constituted a *per se* violation of the Pennsylvania Fair Credit Extension Uniformity Act.  Id. at *4.  It also allowed for plaintiff's claims to survive motion to dismiss under the argument that a violation of the Pennsylvania Fair Credit Extension Uniformity Act is a *per se* violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  Id.

Here, plaintiff's argument skips a step in the reasoning provided by the court in Stuart.  In the instant case, we granted summary judgment to the state-law claims as they relate to the Section 1692i venue provision of

the FDCPA.  A violation of the FDCPA is a *per se* violation of the Pennsylvania Fair Credit Extension Act, as provided by statute.  See 73 PA. CONN. STAT. ANN. § 2270.4(a).  However, it does not necessarily follow that a violation of the Pennsylvania Fair Credit Extension Act in this case would be a *per se* violation of the Pennsylvania Unfair Trade Practices Law.  The Unfair Trade Practices Law does not have statutory provision, similar to the one stated above in the Fair Credit Act, allowing for a *per se* violation when the FDCPA statute has been violated.

Plaintiff also fails to demonstrate how defendant's violation of the venue provision under FDCPA violates any specific portion of the Unfair Trade Practices and Consumer Protection Law.  While the allegation that defendant violated both Pennsylvania statutes may be sufficient to survive a motion to dismiss in Stuart, it is not sufficient to support an entry of judgment in favor of plaintiff in this case.  Therefore, we will deny plaintiff's request for entry of judgment under Unfair Trade Practices and Consumer Protection Law.

**B.  Plaintiff's Request for Statutory Damages**

Plaintiff seeks statutory damages of $1,100.00.  She argues that the type of violation that defendant committed, requiring plaintiff to litigate her claims in a venue far removed from her residence and location of her underlying debt, warrants a full award of $1,000.00 under the FDCPA.  Plaintiff also argues that she should be awarded $100.00 for a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  We agree with plaintiff in part and will grant her a portion of the statutory damages allowed under FDCPA.

There are three standard components of liability under Section

1692k: actual damages sustained as a result of a debt collectors failure to comply with the statute; statutory damages as determined by the court; and a reasonable attorney's fee.  15 U.S.C. § 1692k(a)(2)(A); Graziano v. Harrison, 950 F.2d 107, 113-14 (3d Cir. 1991).  It is within the district court's discretion to determine the amount of statutory damages awarded under FDCPA, up to $1,000.00.  See Lester E. Cox Med. Ctr. v. Huntsman, 408 F.3d 989, 993 (8th Cir. 2005).  A violation of an act does not necessarily warrant an award of the maximum amount of damages.  See e.g. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir.1989).  The court shall consider the following factors in determining an appropriate amount: (1) the frequency and persistence of the debt collector; (2) the nature of the noncompliance; and (3) the extent to which the noncompliance was intentional.  15 U.S.C. § 1692k(b)(1).

    In the instant case, plaintiff requests only statutory damages and attorney's fees, not actual damages.  Plaintiff argues that because defendant's violation is exactly the conduct Congress aimed to prohibit in enacting the statute, defending a debt collection suit in a distant forum, an award of full statutory damages is appropriate.

    Defendant challenges plaintiff's contention that she was forced to defend herself in the lawsuit filed in a distant venue, a courthouse located in Gloucester County, New Jersey.  Defendant argues that plaintiff was only required to mail in an unopposed motion to transfer to the state court in that county.  He also claims that it is unclear who prepared the state court motion.

    This court already determined that defendant violated Section 1692i(a)(2) of the FDCPA.   That provision requires that any lawsuit to

collect a debt be filed either in the county where the debtor resides or in the county where the parties signed the instrument. 15 U.S.C. § 1692i(a)(2). There was no dispute that defendant filed suit in Gloucester County, New Jersey, not where plaintiff resided or where she signed the loan documents. To what extent, if any, plaintiff was required to take action in defending such a suit that was filed in the wrong venue is irrelevant. Under the statute, the focus is on the defendant's choice of forum. Accordingly, we find defendant's argument unpersuasive.

As for an award of statutory damages, defendant argues that plaintiff failed to provide any evidence in support of the statutory factors to be considered by the court in awarding damages. Defendant claims that there is no evidence that defendant's conduct was intentional and plaintiff only alleged one instance of a violation of Section 1692i(a)(2), the venue provision.

In looking to the relevant factors under Section 1692i, the court finds that the plaintiff should be awarded statutory damages. While we agree with defendant that the single violation of the statute may have been unintentional, the nature of the non-compliance disturbs one of the underlying purposes of the statutory provision. Congress enacted the FDCPA to address "the 'problem of forum abuse, an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear,' hence permitting the debt collector to obtain a default judgment." Hess v. Cohen & Slamowitz, LLP, 637 F.3d 117, 120 (2d Cir. 2011) (quoting S.Rep. No. 95-382, at 5 (1977)). Provided that defendant violated a clear statutory venue requirement, we find that some damages should be granted.

The issue becomes the amount of statutory damages that should be awarded. We do not find that defendant's conduct requires the imposition of full statutory damages. Courts have granted full statutory damages when the debt collector's behavior is egregious, outrageous or continuous. A lesser amount is due when the defendant's behavior is isolated or a minor non-compliance with the statute. See O'Quinn v. Recovery Partners, Inc., No. 1:10-cv-2361, 2011 WL 2976288, at *5 (M.D. Pa. June 27, 2011) (allowing statutory damages of $500 in a default judgment); Ford v. Consigned Debts & Collections, Inc., No. 09-3102, 2010 WL 5392643, at *7 (D.N.J. Dec. 21, 2010) (awarding $350 in statutory damages where defendant's conduct involved one threatening phone call); Romano v. Accelerated Receivables, No. 11cv299A, 2011 WL 6091704, at *2 (W.D.N.Y. Dec. 7, 2011) (finding that $500 in statutory damages appropriate where defendant repeated collection efforts without providing validation upon plaintiff's request); Proctor v. PMR Law Group, No. 09-cv-1028S, 2010 WL 4174723, at *4 (W.D.N.Y Oct. 25, 2010) (granting $250 in statutory damages because the debt collector's actions were not persistent or egregious as to warrant statutory maximum).

In the instant case, based on defendant's violation and the relevant statutory factors, we find that the amount of $400 in statutory damages is sufficient.

Plaintiff also argues that she should be awarded $100.00 under the Unfair Trade Practices and Consumer Protection Law, as the statute allows for a successful plaintiffs to recover "actual damages or one hundred dollars, whichever is greater." 73 PA. CONN. STAT. ANN. § 201-9.2. As we stated above, we do not find that plaintiff is entitled to the entry

of judgment in her favor with regard to the Unfair Trade Practices Law; therefore, we will not grant damages under that statute. Accordingly, we will deny her request for $100.00 in statutory damages under the Unfair Trade Practices and Consumer Protection Law.

**C.  Plaintiff's request for attorney's fees**

Plaintiff also seeks reasonable attorney's fees and explains that she will move for her fees and costs pursuant to Federal Rule Civil Procedure 54(d)(2) after judgment is entered. Under Section 1692k(a)(3), the prevailing plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The Third Circuit held in <u>Graziano</u> that the award of attorney's fees is mandated as a means of fulfilling Congressional intent. <u>Graziano</u>, 950 F.2d at 113. Therefore, we will allow for plaintiff to file for attorney's fees and costs related to this litigation.

**Conclusion**

For the reasons stated above, judgment will be entered in favor of plaintiff with regard to the FDCPA and Pennsylvania Fair Credit Extension Uniformity Act. Plaintiff will be awarded $400.00 in statutory damages and an amount, to be determined, equal to the reasonable attorney's fees and costs related to this litigation. We will deny plaintiff's motion for entry of judgment under the Pennsylvania Unfair Trade Practices and Consumer Protection Law and will deny any damages under that statute. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CATHY SASSCER,
        Plaintiff      :    No. 3:10cv464

                              :    (Judge Munley)

       v.                    :

JAMES D. DONNELLY, and DOES  :
1-10, inclusive,
        Defendants  :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 27th day of December 2011, plaintiff's motion for entry of judgment is granted in part and denied in part. (Doc. 25). The Clerk of Court is directed to enter judgment in favor of plaintiff with respect to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a)(2), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 PA. CONN. STAT. ANN. 2270.4(a). The court denies plaintiff's motion for entry of judgment with respect to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PA. CONN. STAT. ANN. 201-1, *et seq*. We grant plaintiff's request for statutory damages in the amount of $400.00 under the FDCPA. Plaintiff may file a motion for attorney's fees within fourteen (14) days of the date of this order. FED. R. CIV. P. 54(d)(2)(B).

                                             **BY THE COURT:**

                                             **s/ James M. Munley**

                                             **JUDGE JAMES M. MUNLEY**
                                             **United States District Court**